STATE OF NEW HAMPSHIRE V. WILLIAM MARCONI & a.

August 27, 1973

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* attorney *(Mr. Rath* orally), for the State.

*Fisher, Parsons, Moran & Temple (Mr. Robert E. Fisher* orally) for the defendants.

GRIFFITH, J. William and Vincent Marconi hold licenses from the Fish and Game Commission of the State of New Hampshire permitting them to take lobsters in the coastal waters of New Hampshire subject to the statutes and the rules and regulations of the fish and game commission. Both William and Vincent were charged with violating RSA 211:37

(Supp. 1972) on July 13, 1970, and William was charged with violation on that date of RSA 211:27 (Supp. 1972). The Trial Court, *Grant*, J., reserved and transferred defendants' exceptions to the denial of motions to suppress evidence seized without a search warrant.

RSA 211:37 (Supp. 1972) makes it an offense to throw overboard lobsters or containers when a conservation officer has informed a person that his boat and its contents are about to be inspected.

RSA 211:27 (Supp. 1972) is the so-called "short lobster" law prohibiting possession of lobsters measuring "less than three and one-eighth inches . . . from the rear of the eye socket along a line parallel to the center line of the body shell to the rear end of the body shell . . . ."

On July 13, 1970, Conservation Officers Warren Jenkins and Wayne Vetter were on a routine patrol in New Hampshire coastal waters checking lobster fishermen. They brought their boat alongside the Marconi boat and told them to stand by. The Marconi boat occupants looked at the officers and then the throttle of the boat was opened in an apparent attempt to escape. Jenkins brought the patrol boat alongside again and Officer Vetter leaped aboard the Marconi vessel. William Marconi then threw a basket of lobsters overboard and lobster traps flew in the direction of Officer Vetter. Jenkins, who had pulled the patrol boat back in an unsuccessful attempt to catch the basket of lobsters, shouted for the Marconi boat to stand by and to William that he was under arrest. After Jenkins fired two shots in the air, the Marconi boat stopped. An examination by Vetter of the remaining lobsters in baskets on the boat resulted in the discovery of two short lobsters.

The defendants argue that the order of the conservation officer to the defendants to stand by was unlawful. They point out that RSA 211:41 I authorizes a conservation officer to search a boat without a warrant only when he has reasonable cause to believe that illegal lobsters are concealed thereon. From these premises, defendants conclude that they may not be prosecuted for dumping lobsters in violation of RSA 211:37 (Supp. 1972) since the proposed inspection which preceded the dumping was illegal.

We do not read in our statutes any such all-encompassing restraints on ordinary patrol and inspection of lobster fishermen, nor do we find that the fourth amendment to the United States Constitution bars reasonable inspection of lobster boats operated under license from the State. *See Colonnade Catering Corp. v. United States,* 397 U.S. 72, 25 L. Ed. 2d 60, 90 S. Ct. 774 (1970); *United States v. Biswell,* 406 U.S. 311, 32 L. Ed. 2d 87, 92 S. Ct. 1593 (1972).

The initial order to stand by was clearly a lawful one (RSA 207:47; *see State v. Severance,* 108 N.H. 404, 237 A.2d 683 (1968)), but instead of standing by, the defendants attempted to escape and no inspection was then attempted or made. The officers again approached the Marconi boat and ordered them to stand by for inspection. In plain view of both officers defendants dumped lobsters, the violation of RSA 211:37 (Supp. 1972) with which they are now charged, and they were promptly and lawfully arrested. RSA 594:10 (a); *State v. Davis,* 108 N.H. 45, 226 A.2d 873 (1967); *State v. Scanlon,* 110 N.H. 179, 263 A.2d 669 (1970); *State v. McComb,* 111 N.H. 312, 282 A.2d 673 (1971).

The motion to suppress the evidence of the short lobsters found in the warrantless search conducted after the arrests is determined by the events which had occurred prior to the search. "In terms of the circumstances justifying a warrantless search, the Court has long distinguished between ... a home or office" *(Chambers v. Maroney,* 399 U.S. 42, 48, 26 L. Ed. 2d 419, 426, 90 S. Ct. 1975, 1979 (1970)) "and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." *Carroll v. United States,* 267 U.S. 132, 153, 69 L. Ed. 543, 551, 45 S. Ct. 280, 285 (1925); Annot., 26 L. Ed. 2d 893 (1971); Liacos, *Warrantless Automobile Searches: The Meaning of Chambers v. Maroney,* 34 Am. Trial L.J. 174 (1972). The search that resulted in the discovery of the short lobsters was permissible because under generally applicable fourth amendment principles the officers had probable cause to believe there were short lobsters on the defendants' boat and the mobility of the boat made it impracticable to obtain a search warrant in

time to seize the contraband. *Carroll v. United States supra;* RSA 211:41 I. Defendants' attempts to evade and resist the patrolling officers furnished both probable and reasonable cause for the search.

The considerations justifying warrantless searches under the authority of regulatory statutes such as RSA 211:41 I are similar to those which underlie search and seizure law generally. "[T]he question is not whether the public interest justifies the type of search in question, but whether the authority to search should be evidenced by a warrant, which in turn depends in part upon whether the burden of obtaining a warrant is likely to frustrate the governmental purpose behind the search." *Camara v. Municipal Court,* 387 U.S. 523, 533, 18 L. Ed. 2d 930, 938, 87 S. Ct. 1727, 1733 (1967); *United States v. Biswell,* 406 U.S. at 316, 32 L. Ed. 2d at 92, 92 S. Ct. at 1596; *see United States v. Schafer,* 461 F.2d 856, 858 (9th Cir. 1972).

*Defendants' exceptions overruled; remanded.*

All concurred.