Argued October 23, affirmed December 8, 1975, reconsideration
denied January 7, petition for review denied February 10, 1976

# EDDIE'S SUPPER CLUB, INC. ET AL, *Petitioners,*
# *v.* OREGON LIQUOR CONTROL COMMISSION
# (CA 4638), *Respondent.*

### 543 P2d 19

*D. Michael Mills,* Salem, argued the cause for petitioners. With him on the brief were Mills & McMillin, Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

Petitioner Eddie's Supper Club is a restaurant licensed by the Oregon Liquor Control Commission (OLCC) to sell alcoholic liquor in Salem. Petitioner Merlea Anne VanBuskirk is an employe of the Club duly licensed to serve liquor on the premises.

Petitioners seek judicial review of orders of the OLCC temporarily suspending their respective licenses for failing to allow entry for examination of the premises by a representative of the OLCC in violation of ORS 472.170.[1]

Petitioners assert that the findings and order are invalid on two counts:

(1) There is insufficient evidence on the record to support a finding of fact that the OLCC representa-

---

[1] ORS 472.170 provides:

"The commission shall have the right at any time to make an examination of the books and premises of any licensee, or to check the alcoholic content of liquors carried by the said licensee, for the purpose of determining whether this chapter, and the regulations of the commission, are being complied with."

tive properly identified himself, or that employes of petitioner Club knew he was a representative of the OLCC.

(2) ORS 472.170 is unconstitutional as it violates the Fourth Amendment of the United States Constitution, and is vague and difficult of interpretation.

The evidence offered by OLCC was that at approximately 3:40 a.m. on April 10, 1974, Inspector Manning of the OLCC observed six cars and a motorcycle parked outside the Club's premises. He overheard voices inside saying, " 'give me another' " or " 'do you want another drink.' " Inspector Cheryl Gettis, who arrived at the scene shortly thereafter and was posted at the front door, heard sounds of activity, laughter, conversations and ice clicking in glasses. She heard the statement " 'don't bother dumping your drinks. As long as we don't let them in we're okay.' "

Inspector Manning testified that shortly after Inspector Gettis arrived, he went to the Club's rear entrance and rang the doorbell; that petitioner Van-Buskirk came to the door but did not open it; that there was a large window in the rear door with an outside overhead light, which permitted Mrs. VanBuskirk to see him and vice versa; that he displayed his OLCC badge to her and asked to be admitted; that Mrs. VanBuskirk made no reply but disappeared into the interior of the Club; that she returned with a Mr. Goodwin, also an employe of the Club; that Manning heard petitioner VanBuskirk inform Goodwin that the inspector was with the OLCC; that Goodwin then stated that since the alarm system was not working properly they could not let him in. Goodwin also testified that the inspector stated that he was a liquor inspector. After a few minutes the inspectors

left. They did not attempt a forcible entry of the premises.

■ On the first point, we have examined the record and conclude that there was sufficient evidence to support the finding by the OLCC that its representative properly identified himself and that the employes of the Club knew that he was a liquor inspector. ORS 183.480(7). The inspector and Goodwin both testified that while Mrs. VanBuskirk was standing at the door she stated to Goodwin that the inspector had already identified himself as a representative of the OLCC.

■ Petitioners' second contention is that ORS 472.170 is unconstitutional because it authorizes a warrantless search, citing *Camara v. Municipal Court,* 387 US 523, 87 S Ct 1727, 18 L Ed 2d 930 (1967); *See v. City of Seattle,* 387 US 541, 87 S Ct 1737, 18 L Ed 2d 943 (1967); *Colonnade Corp. v. United States,* 397 US 72, 90 S Ct 774, 25 L Ed 2d 60 (1970); and *United States v. Biswell,* 406 US 311, 92 S Ct 1593, 32 L Ed 2d 87 (1972).

Having reviewed all of the authorities cited we are of the opinion that ORS 472.170 is constitutional and that petitioners' second contention likewise cannot be sustained. The Oregon statute comes within the constitutional guidelines set out in the majority opinion in *Colonnade Corp. v. United States,* supra. *Camara* and *See* both involved the routine and general inspection of the entire area of a city for the purpose of insuring compliance with the safety codes involved. Here as in *Colonnade* the challenged statute does not authorize the OLCC or its inspectors to forcibly enter the licensed premises, and no such entry was attempted here.

Affirmed.