*[301]
 
 TANZER, J.
 

 The state appeals from an order suppressing evidence obtained in three warrantless searches of defendant’s business premises. Defendant is a licensed food fish canner and licensed wholesale fish dealer. On three occasions state police officers, acting in their capacities as fish and game officers, entered defendant’s cannery without a warrant and without probable cause. Defendant neither resisted nor consented. The officers discovered unlawfully possessed fish on defendant’s premises and issued citations to him for three separate violations of commercial fishing laws in May 1976. The cases were consolidated for trial and appeal.
 

 Defendant was found guilty in district court. On appeal de novo in the circuit court, defendant moved for suppression of the seized fish on the ground that the inspections of defendant’s premises violated the Fourth Amendment to the United States Constitution and Oregon Constitution, Art I, § 9. The circuit court suppressed the evidence based on its holding that ORS 506.620 is unconstitutional because it authorizes inspections without a warrant and without probable cause to believe that defendant’s premises contain evidence of any crime. The statute, part of a regulatory scheme for enforcing commercial fishing laws, provides:
 

 "The director [of the Fish and Game Commission] or his authorized agent may enter and inspect all canneries, cold storage houses, packing establishments, business places, boats, fishing gear, and all property vised in the taking, processing and packing of food fish, for the purpose of enforcing the commercial fishing laws.” ORS 506.620.
 

 In
 
 State ex rel Accident Prevention Div. v. Foster,
 
 31 Or App 291, 570 P2d 398 (1977), we relied upon
 
 Camara v. Municipal Court,
 
 387 US 523, 87 S Ct 1727, 18 L Ed 2d 930 (1967), and held that an administrative inspection need not be based upon cause to believe that evidence or fruit of an actual regulatory violation is on
 
 *[302]
 
 the premises. Neither case dealt with the constitutional permissibility of an administrative inspection pursuant to a regulatory statute allowing entry and inspection without a warrant. That issue was presented in
 
 United States v. Biswell,
 
 406 US 311, 92 S Ct 1593, 32 L Ed 2d 87 (1972), and we analyze the constitutionality of ORS 506.620 in light of that holding.
 

 In
 
 Biswell
 
 the United States Supreme Court upheld the constitutionality of a warrantless search by federal agents of a pawn shop owner’s locked gun storeroom pursuant to the Federal Gun Control Act of 1968, 18 USC § 921, et seq. Each of the reasons relied upon in
 
 Biswell
 
 apply with equal force to regulatory searches of industrial or commercial premises for illegally possessed fish:
 

 1. The public interest to be protected in both cases is great. It is sufficient to say that our fish runs are a precious natural and economic resource to the entire public for which vigorous governmental protection is essential.
 

 2. Accordingly, the commercial fish industry, like the gun industry, is pervasively regulated and routine "inspection is a crucial part of the regulatory scheme.” 406 US at 315.
 

 3. Because the subject of the regulated commerce is of a transient and disposable nature, advance notice of an inspection would likely render it ineffective. As the Supreme Court stated:
 

 «* * * [jjf inspection is to be effective and serve as a credible deterrent, unannounced, even frequent, inspections are essential. In this context, the prerequisite of a warrant could easily frustrate inspection; and if the necessary flexibility as to time, scope, and frequency is to be preserved, the protections afforded by a warrant would be negligible.” 406 US at 316.
 

 4. The reasonable expectation of privacy is not great because when one chooses to engage as a licensee in a "pervasively regulated business,” he does so
 
 *[303]
 
 knowing that the commercial or industrial premises on which he conducts his business will be subject to pervasive regulatory inspections. 406 US at 316.
 

 For these reasons, ORS 506.620 is constitutional
 
 [1]
 
 as it applies to licensed commercial or industrial premises such as those in this case and the search of defendant’s freezer and the seizure of his fish were lawful. Evidence of the seized fish should not have been suppressed.
 

 Reversed and remanded.
 

 [1]
 

 See also, Eddie’s Supper Club v. OLCC,
 
 23 Or App 493, 543 P2d 19
 
 rev den
 
 (1975), upholding ORS 472.170 which authorizes liquor control inspections.