*[293]
 
 TANZER, J.
 

 The state, on behalf of the Accident Prevention Division of the Workers’ Compensation Board, appeals from an order following a show cause hearing denying enforcement of a search warrant and declaring a portion of the Oregon Safe Employment Act (OSEA) unconstitutional. The trial court found that the first clause of ORS 654.206(2) violates the Fourth Amendment to the United States Constitution and the Oregon Constitution, Art I, § 9, because it authorizes a magistrate to issue an inspection warrant without probable cause to believe that a violation of safety or health regulations is occurring on a particular employer’s premises. ORS 654.206(2) provides:
 

 "Cause [for issuing an inspection warrant] shall be deemed to exist if reasonable legislative or administrative standards for conducting a routine, periodic or area inspection are satisfied with respect to the particular place of employment, or there is probable cause to believe that a condition of nonconformity with a safety or health statute, ordinance, regulation, rule, standard or order exists with respect to the particular place of employment, or an investigation is reasonably believed to be necessary in order to determine or verify the cause of an employe’s death, injury or illness.”
 

 In March 1976, a safety compliance officer of the Accident Prevention Division (APD) visited defendant’s manufacturing firm to make a routine inspection as authorized by ORS 654.067(l)
 
 [1]
 
 defendant did not consent to the inspection. The compliance officer,
 
 *[294]
 
 following the procedure specified in ORS 654.067(3),
 
 [2]
 
 sought an inspection warrant. Her affidavit recited that she was employed by the APD as a compliance officer; that she attempted to conduct a routine, scheduled safety inspection of defendant’s firm; that the firm had not been inspected pursuant to the OSEA since December 1974; that she had presented her credentials to defendant and asked permission to make the inspection; and that defendant denied her entry to his firm. There was no allegation of probable cause to believe that there was any violation of a safety regulation on defendant’s premises. The court issued the inspection warrant, which the officer presented to defendant on the same day. Defendant refused to allow the inspection unless the officer agreed to certain conditions not required by the OSEA. Two weeks later, the officer obtained a second inspection warrant, based on a similar, updated affidavit, but again she was denied entry to defendant’s firm. The circuit court ordered defendant to show cause why he should not permit the inspection; after the show cause hearing, the court entered its judgment that:
 

 "(1) The first clause of ORS 654.206(2), providing that "cause [for the issuance of an inspection warrant] shall be deemed to exist if reasonable legislative or adminstrative standards for conducting a routine, periodic or area inspection are satisfied with respect to the particular place of employment. . . .’ is unconstitutional and invalid.
 

 "(2) Plaintiff and its agents shall not attempt to inspect defendant’s business premises pursuant to ORS Chapter 654 without first obtaining an Inspection Warrant supported by an adequate showing either (1) that
 
 *[295]
 
 they have probable cause to believe that a condition of nonconformity with a safety or health statute, ordinance, regulation, rule or standard exists on defendant’s premises, or (2) that they reasonably believe that an investigation is necessary in order to determine or verify the cause of an employee’s death, injury or illness.
 

 "(3) The Inspection Warrants issued against defendant on March 8, 1976 and March 22, 1976 are void, and the Citation issued against defendant on May 5,1976 is dismissed.”
 

 Two questions are presented on appeal. Does the portion of ORS 654.206(2) regarding "routine, periodic or area inspection” violate the constitutional prohibition against unreasonable searches and seizures? If not, is it nevertheless unenforceable for lack of duly promulgated "legislative or administrative standards” for conducting such inspections”?
 

 I. CONSTITUTIONALITY
 

 Reasonableness is the ultimate standard in determining the constitutionality of a search under the Fourth Amendment.
 
 Camara v. Municipal Court,
 
 387 US 523, 539, 87 S Ct 1727, 18 L Ed 2d 930 (1967).
 
 [3]
 
 Not every intrusion into privacy requires the existence of probable cause to believe that evidence or fruit of crime is concealed. Rather, the quantum of requisite cause varies according to the balance of the individual’s expectation of privacy and the nature of the public need in each Fourth Amendment setting. Perhaps the least quantum, absence of official arbitrariness, is required by reasonableness in regulatory, health and safety inspections, particularly of commercial or industrial premises.
 
 Camara v. Municipal Court, supra,
 
 and
 
 See v. Seattle,
 
 387 US 541, 87 S Ct 1737, 18 L Ed 2d 943 (1967).
 

 Routine employment safety inspection as authorized by ORS 654.206(2) is analogous to the inspec
 
 *[296]
 
 tions considered in
 
 Camara
 
 and
 
 See,
 
 in which the United States Supreme Court required warrants for nonconsensual administrative searches. It rejected the contention similar to that of defendant here and to its own prior holding, that a warrant could issue only when the inspector has probable cause to believe that a particular building contains code violations. Given the goals of a reasonable inspection program and the utility of "area inspections” to promote compliance with code standards, the court held that " 'probable cause’ to issue a warrant to inspect must exist if reasonable legislative or administrative standards for conducting an area inspection are satisfied with respect to a particular dwelling.”
 
 Camara v. Municipal Court,
 
 387 US at 538.
 

 The balancing of the public and private interests at stake here is essentially the same as in
 
 Camara.
 
 The strong public interest in assuring safe employment conditions is obvious. Because this goal is preventive rather than remedial in nature and because dangerous conditions may not be apparent to or known by an employer or employe, it is reasonable for the state to advance the public interest by routine inspections without evidence or suspicion of particular violations. On the other hand, the privacy interest, though it merits protection, is less compelling than in most other Fourth Amendment contexts. Defendant’s expectation of privacy in a manufacturing firm is less substantial than the privacy interest in a residence or a pocket, because many areas of the firm are of necessity in plain view of his employes. Thus the invasion of privacy from an OSEA inspection is relatively minor in comparison to the public interest in assuring safe employment conditions. Therefore, the balance of public and private interests is struck in favor of constitutionality of warranted routine employment safety inspections.
 

 ORS 654.206(2) is essentially a codification of
 
 Camara.
 
 The definition of "cause” for the issuance of an inspection warrant is taken almost exactly from
 
 *[297]
 

 Camara
 
 and the inspection to be authorized is of the same type. The statutory definition of cause to issue an inspection warrant is as constitutional as the Supreme Court opinion from which it is taken and the trial court’s judgment to the contrary is erroneous.
 

 H. STANDARDS
 

 ORS 654.206(2), as noted above, provides that "cause shall be deemed to exist if reasonable legislative or administrative standards for conducting a routine, periodic or area inspection are satisfied with respect to the particular place of employment.” Defendant contends that no such legislative or administrative standards have been promulgated and that the statute is therefore unenforceable.
 

 The United States Supreme Court used the phrase "reasonable legislative or administrative standards” in the context of a constitutional purpose: "to guarantee that a decision to search private property is justified by a reasonable governmental interest.”
 
 Camara v. Municipal Court,
 
 387 US at 539. As to the nature of the requisite standards, it stated, by way of both explanation and example:
 

 "* * * such standards, which will vary with the municipal program being enforced, may be based upon the passage of time, the nature of the building (e.g., a multi-family apartment house), or the condition of the entire area, but they will not necessarily depend upon specific knowledge of the condition of the particular dwelling.”
 

 Here, no administrative standards have been adopted. The state urges that legislative standards have been adopted by enactment of ORS 654.067(1), which requires that inspections be conducted at "reasonable times and within reasonable limits and in a reasonable manner.” (n 1, supra.) Assuming for argument that the statute refers to warrants rather than initial warrantless inspections, and assuming further that the statute constitutes standards at all, they are not of the nature contemplated by
 
 Camara
 
 because
 
 *[298]
 
 they regulate the manner of execution of the inspection rather than the manner of selection, of the premises to be. searched. Any search must be reasonable in its execution, but the standards required by
 
 Camara
 
 áre those that assure against arbitrary governmental intrusion. These statutory standards, if such they be, have no tendency to accomplish that constitutional purpose. Hence they are insufficient to authorize inspection under ORS 654.206(2) and the warrants were invalid.
 

 Accordingly, the portion of the order below declaring ORS 654.206(2) to be unconstitutional is erroneous, but the order declaring the warrants to be void is correct.
 

 Affirmed.
 

 [1]
 

 ORS 654.067(1) provides:
 

 "In order to carry out the purposes of ORS 654.001 to 654.295, the board, upon presenting appropriate credentials to the owner, employer or agent in charge, is authorized:
 

 "(a) To enter without delay and at reasonable times any place of employment; and
 

 "(b) To inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment and materials therein, and to question privately the owner, employer, agents or employes.”
 

 [2]
 

 ORS 654.067(3) provides:
 

 "Except in the case of an emergency, or of a place of employment open to the public, if the board is denied access to any place of employment for the purpose of an inspection or investigation, such inspection or investigation shall not be conducted without an inspection warrant obtained pursuant to ORS 654.202 to 654.216, or without such other authority as a court may grant in an appropriate civil proceeding. Nothing contained herein, however, is intended to affect the validity of a constitutionally authorized inspection conducted without an inspection warrant.”
 

 [3]
 

 The Oregon Constitution, Art I, § 9, has the same effect as the Fourth Amendment to the United States Constitution.
 
 Cf., State v. Florance,
 
 270 Or 169, 181-84, 527 P2d 1202 (1974);
 
 State v. Elkins,
 
 245 Or 279, 422 P2d 250 (1966).