Submitted August 29, reversed and remanded November 21, 1978

ACCIDENT PREVENTION DIVISION, *Petitioner,*
*v.*
HOGAN et al, *Respondents.*
(SH 77-59, CA 10173)
586 P2d 1132

James A. Redden, Attorney General, Salem, filed the brief for petitioner. With him on the brief were Walter L. Barrie, Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem.

No appearance for respondents.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

The Accident Prevention Division (APD) seeks judicial review of an opinion and order of a hearings referee vacating a citation and notice of penalty under Oregon's Safe Employment Act (OSEA). The referee held that the APD inspection which led to the citation was invalid because no probable cause existed for a Jefferson County circuit court judge to issue the inspection warrant upon which the inspection was based. We reverse.

On November 29, 1976, Lester Wilson, a compliance officer for the APD, sought entry and permission to inspect the work place of Jerrie L. Hogan and Richard Hogan, dba Tompsett-Hogan Mfg. Co., located at Route 1, Box 464, Madras, Oregon 97741. The attempted inspection was routine and warrantless. Wilson was denied the opportunity to inspect by one of the Hogans. On or about January 10, 1977, Wilson and Gerald Ripka, an executive assistant for the APD, filed affidavits in support of an inspection warrant and a motion for the inspection warrant with peace officer assistance was filed the same day by the general counsel for the Workers' Compensation Board. The circuit court judge for Jefferson County, issued an inspection warrant.

That same day, Wilson attempted to make an inspection of respondents' place of business, presented the inspection warrant and was refused entry. On January 12, 1977, the inspection warrant was served by the sheriff of Jefferson County and the inspection proceeded.

On January 20, 1977, the APD issued a citation and notice of penalty to respondents based upon the January 12 inspection. The citation noted four violations of OAR chapter 437 and assessed a penalty of $20.

On January 27, 1977, respondents requested a hearing to contest the citation issued by APD. A

hearing was held June 22, 1977, and on December 29, 1977, the hearings referee issued his opinion and order declaring the inspection invalid and vacating the citation based on his judgment that the affidavits presented to the judge who issued the inspection warrant were insufficient to establish probable cause. On February 10, 1978, the APD filed its petition for judicial review.

APD makes three assignments of error, only two of which require consideration here.

■ First, APD challenges the authority of a hearings referee to in effect invalidate a search warrant. Issuing warrants, APD argues, is a judicial function, ORS 133.545(1),[1] while the hearings referee "is an executive functionary."

APD's argument exalts form over substance. While it is true that the Workers' Compensation Department—by whom the referee is employed—is a part of the executive,[2] the referee's functions by statute are to decide questions of law and fact. ORS 656.708(3). We can see no justification for holding that a tribunal which is to consider evidence should be denied the right to rule on the admissibility of that evidence. This is true even if admissibility turns on a question of constitutional law. We hold that, on the facts presented here, the referee was entitled to rule on the validity of the warrant as a necessary part of his obligation to make evidentiary rulings.

■ Having said that the referee had the *right* to rule on the constitutional adequacy of the procedures by which the evidence in this case was obtained, we now turn to the APD's second assignment of error—the question of whether the referee ruled *correctly.* We hold that he did not.

---

[1] ORS 133.545(1) provides:

"A search warrant may be issued only by a judge."

[2] *See* ORS 656.708; 656.712; 656.724.

There were two affidavits used in this case. They are set out in the margin.[3] In sum, they show a history of prior violations of the Act, a grudging willingness to correct violations, and a history of injuries since the last inspection which suggests the existence of further violations. The last reported injury was in April, 1976. An attempt to inspect was made in November, 1976, but was refused. The warrant was issued on January 10, 1977.

---

[3] "I, Lester Wilson, being first duly sworn, depose and say:

"That I am employed by the Accident Prevention Division of the Workmen's Compensation Board for the State of Oregon as a Compliance Officer.

"That in my capacity as a Compliance Officer, I attempted to conduct a safety inspection of the work place of Jerrie L. Hogan and Richard Hogan, dba Tompsett-Hogan Mfg. Co., located at Route 1, Box 464, Madras, Oregon 97741, pursuant to ORS 654.067.

"The records of the Accident Prevention Division indicate that said firm is a place of employment of subject employees.

"That inspections at this place of employment have been made on September 23, 1974 which resulted in a citation issued involving fourteen violations of the Oregon Safety Codes. See attached citation marked Exhibit "1", attached hereto and by this reference incorporated herein;

"That an inspection was conducted on October 31, 1975 resulting in a citation involving violations of four Safety Codes. See attached citation marked Exhibit "2", attached hereto and by this reference incorporated herein;

"That a follow-up inspection was made on December 23, 1975 to determine if the employer had corrected the safety hazards alleged in the citation marked Exhibit "2" and it was determined that the corrections of such hazards were not completed by the date the correction was required and a subsequent citation was issued January 13, 1976, see attached citation marked Exhibit "3", attached hereto and by this reference incorporated herein.

"That I sought entry and permission to inspect said work place on November 29, 1976 at approximately 9:15 a.m. for the purpose stated above by presenting my credentials to Mr. Richard Hogan.

"That I was denied entry to this place of employment without an inspection warrant by Mr. Richard Hogan at that time."

---

"I Gerald A. Ripka, being first duly sworn, on oath depose and say:

"That I am employed by the Accident Prevention Division of the Workmen's Compensation Board for the State of Oregon as an Executive Assistant.

APD argues that the affidavits taken collectively demonstrated "cause" to search sufficient to meet the requirements of the Fourth Amendment and ORS 654.206(2).[4] We agree.

▊▊ A governmental intrusion into a portion of business premises not ordinarily open to the public for the purpose of determining whether or not certain statutory or regulatory violations have occurred is a "search." *Camara v. Municipal Court,* 387 US 523, 528-529, 87 S Ct 1727, 18 L Ed 2d 930 (1967). *See See v. City of Seattle,* 387 US 541, 87 S Ct 1737, 18 L Ed 2d 943 (1967). It follows that, as a rule, a warrant authorizing such a search will be required, unless exigent circumstances exist or consent is obtained. *Marshall v. Barlow's Inc.,* — US ——, 98 S Ct ——, 56 L Ed 2d 305 (1978); *Camara v. Municipal Court, supra; See v. City*

"That according to the official records, the following injuries to workmen of Tompsett-Hogan Mfg. Co. are reported and said injuries are normally caused by violation of Oregon Occupational Safety and Health Codes:

"4-30-76—T. H. Burke, welder, eye injury from chipping slag, foreign body left eye.

"12-03-75—L. Farnsworth, foreman, scratch or abrasion to eye while directing work crew, foreign body right eye.

"10-28-75—M. L. Goodwin, welder, cut, puncture or sliver to eye while grinding steel, foreign body in left eye.

"7-03-75—Earl V. Avery, welder, fracture of toes, caused by a large sheet of sheet metal dropping on foot.

"That since 10-15-74, seventeen claims have been filed for injuries to workmen of Tompsett-Hogan Mfg. Co.

"That effective 10-1-76, because of the frequency and cost of claims to workmen the experience of modification of 1.31 has been applied to employer Tompsett-Hogan Mfg. Co."

[4] ORS 654.206(2) provides:

"Cause shall be deemed to exist if reasonable legislative or administrative standards for conducting a routine, periodic or area inspection are satisfied with respect to the particular place of employment, or there is probable cause to believe that a condition of nonconformity with a safety or health statute, ordinance, regulation, rule, standard or order exists with respect to the particular place of employment, or an investigation is reasonably believed to be necessary in order to determine or verify the cause of an employe's death, injury or illness."

*of Seattle, supra; see generally State ex rel Accident Prev. Div. v. Foster,* 31 Or App 291, 570 P2d 398 (1977).

However,

"Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that reasonable legislative or administrative standards for conducting an * * * inspection are satisfied with respect to a particular [establishment], *Camara v. Municipal Court, supra,* at 538." *Marshall v. Barlow's Inc., supra,* 56 L Ed 2d at 316; *and see State ex rel Accident Prev. Div. v. Foster, supra.*

■ We do not understand this statement from *Marshall* and *Camara* to abandon the concept of "probable cause" to support warrants. Given the language of the Fourth Amendment,[5] no such abandonment would be possible. Rather, we view those cases as establishing that the amount of evidence which amounts to "probable cause" will depend upon the nature of the intrusion and its potential consequences. Where, as in the administrative inspection area, the inspection will be without potential criminal consequences, issuance of a warrant will be justified without any showing of a history of wrongdoing so long as there are "reasonable legislative or administrative standards." *See State ex rel Accident Prev. Div. v. Foster, supra,* 31 Or App at 297 (quoting *Camara v. Municipal Court,* 387 US at 539).

■ Where so broad a basis for issuance of a warrant is available *sans* evidence of wrongdoing, we perceive the quantum of evidence suggesting that examples of wrongdoing will be disclosed by an inspection can be relatively slight and still justify issuance of a warrant. However, we are not required to articulate more fully

---

[5] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, *and no Warrants shall issue, but upon probable cause * * *.*" (Emphasis added.)

the bottom limit of such a sliding scale of evidence/ probable cause in this case because we believe that the evidence supplied by the affidavits here rose well above it: The premises had a prior history of violations, of reluctance to cure the violations, of an unwillingness to accept voluntary inspections and of injuries to employes.

We are of the view that the information presented to the circuit court judge was sufficient to justify issuance of the warrant. The referee's order suppressing evidence is reversed, and the case remanded for further proceedings.