STATE ex rel ACCIDENT
PREVENTION DIVISION
*Appellant,*

*v.*

STURDI-CRAFT, INC.,
*Respondent.*

No. 79-364E, CA 14937)

608 P2d 209

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Forrest E. Cooper, Lakeview, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Petitioner appeals from the trial court's denial of its motion to show cause why employer should not be held in contempt for failure to obey an Oregon Safe Employment Act (OSEA) inspection warrant. The question presented is whether the validity of an OSEA warrant may be collaterally attacked in a contempt proceeding instituted after a refusal to comply with the warrant. We hold that it may not.

Based upon the affidavits of two employes of the Accident Prevention Division (APD), which alleged that employer was in violation of certain specific safety and health regulations and would not allow APD inspectors to enter without a warrant, the circuit court issued an OSEA inspection warrant. ORS 654.206, 654.212. [1] The inspectors, accompanied by a deputy sheriff, presented the warrant and attempted to enter

---

[1] ORS 654.206 provides:

"(1) An inspection warrant shall be issued only upon cause, supported by affidavit, particularly describing the applicant's status in applying for the warrant hereunder, the statute, ordinance or regulation requiring or authorizing the inspection or investigation, the place of employment to be inspected or investigated and the purpose for which the inspection or investigation is to be made including the basis upon which cause exists to inspect. In addition, *the affidavit shall contain either a statement that entry has been sought and refused* or facts or circumstances reasonably showing that the purposes of the inspection or investigation might be frustrated if entry were sought without an inspection warrant.

"(2) Cause shall be deemed to exist if reasonable legislative or administrative standards for conducting a routine, periodic or area inspection are satisfied with respect to the particular place of employment, *or there is probable cause to believe that a condition of nonconformity with a safety or health statute, ordinance, regulation, rule, standard or order exists with respect to the particular place of employment,* or an investigation is reasonably believed to be necessary in order to determine or verify the cause of an employe's death, injury or illness." (Emphasis supplied.)

ORS 654.212 provides:

"(1) Before issuing an inspection warrant, the magistrate may examine under oath the applicant and any other witness and shall satisfy himself of the existence of grounds for granting such application.

and inspect the employer's premises pursuant to ORS 654.216.[2] Despite the warrant, the firm's officers refused to allow the APD inspectors to enter.

The Accident Prevention Division then instituted this contempt proceeding against employer for its failure to comply with the warrant. At the show cause hearing, the trial court allowed employer to attack the warrant, and held that the warrant was invalid because the underlying affidavits were based on information received from an unnamed informant who was not shown to be reliable. We reverse and remand.

In this case, the judge who issued the inspection warrant had jurisdiction over both the subject matter and the parties. ORS 654.202.[3] The employer could

"(2) If the magistrate is satisfied that cause for the inspection or investigation exists and that the other requirements for granting the application are satisfied, he shall issue the warrant, particularly describing the name and title of the person or persons authorized to execute the warrant, the place of employment to be entered and the purpose of the inspection or investigation. The warrant shall contain a direction that it be executed on any day of the week between the hours of 8:00 a.m. and 6:00 p.m., or where the magistrate has specially determined upon a showing that it cannot be effectively executed between those hours, that it be executed at any additional or other time of the day or night."

[2] ORS 654.216 provides:

"(1) Except as provided in subsection (2) of this section, in executing an inspection warrant, the person authorized to execute the warrant shall, before entry, make a reasonable effort to present his credentials, authority and purpose to an occupant or person in possession of the place of employment designated in the warrant and show him the warrant or a copy thereof upon request.

"* * * * *

"(3) A peace officer may be requested to assist in the execution of the inspection warrant.

"* * * * *"

[3] ORS 654.202 provides:

"Magistrates authorized to issue search warrants may, upon application of the director, or any public officer, agent or employe of the director acting in the course of his official duties, issue an inspection warrant whenever an inspection or investigation of any place of employment is required or authorized by any state or local statute,

only have challenged the validity of the warrant in an administrative proceeding if the search had resulted in a citation, *Accident Prevention Division v. Hogan,* 37 Or App 251, 586 P2d 1132 (1978);[4] thus the trial court erred in allowing the attack on the warrant as part of the show cause hearing.[5] *See also State ex rel Mix v. Newland,* 277 Or 191, 200, 560 P2d 255 (1977); *State ex rel Hewson v. Hewson,* 129 Or 612, 617-18, 277 P 1012 (1929); *State v. La Follette,* 100 Or 1, 7-8, 196 P 412 (1921); *State ex rel v. Downing,* 40 Or 309, 321-22, 58 P 863, 66 P 917 (1901); *State ex rel v. Lavery,* 31 Or 77, 81-2, 49 P 852 (1897).

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

ordinance or regulation relating to occupational safety or health. The inspection warrant is an order authorizing the safety or health inspection or investigation to be conducted at a designated place of employment."

[4] Both the trial court and employer have relied on our opinion in *State ex rel Accident Prev. Div. v. Foster,* 31 Or App 291, 570 P2d 398 (1977), as approving a collateral attack on the validity of an inspection warrant. This reliance is misplaced. In *Foster,* during the course of a show cause hearing to enforce an inspection warrant, the defendant manufacturing firm challenged the constitutionality of ORS 654.206(2). On appeal this court considered that challenge. However, in *Foster,* the Accident Prevention Division did not contend that the attack on the warrant was an improper collateral attack. The issue was not raised and this court did not rule on it.

[5] Because we hold that the collateral attack was improper, we do not consider the trial court's ruling that the warrant was invalid because the underlying affidavits did not establish the informant's reliability.