PARKS et al,
*Respondents,*

*v.*

CITY OF KLAMATH FALLS,
*Appellant.*

(83-550 CV; CA A37890)

728 P2d 934

Jeffrey D. Ball, Klamath Falls, filed the brief for appellant.

Mike Ratliff and Parks & Ratliff, Klamath Falls, filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The City of Klamath Falls appeals from an order enjoining the city fire marshal from conducting a safety inspection of plaintiffs' offices. We reverse.

Plaintiffs are attorneys licensed to practice in this state whose offices are located in a private office building in Klamath Falls. In 1983, employes of the Klamath Falls Fire Department attempted to conduct a safety inspection of their offices. That inspection was part of a program in which every commercial building in the city is examined annually by the fire department for fire hazards. Plaintiffs refused to allow the inspection, and the city applied to the Klamath Falls municipal court for a warrant authorizing the inspection. A warrant was issued authorizing an administrative fire safety inspection, whereupon plaintiffs brought this action to enjoin its execution.

The trial court based its injunction on ORS 9.695:

"(1)   Notwithstanding ORS 133.535, the files, papers, effects or work premises of a lawyer relating to the provision of legal service by the lawyer shall not be subject to search or seizure by any law enforcement officer, either by search warrant or otherwise.

"(2)   The provisions of subsection (1) of this section do not apply where there is probable cause to believe that the lawyer has committed, is committing or is about to commit a crime.

"(3)   As used in this section, 'lawyer' means a member of the Oregon State Bar or a person licensed to practice law in any court of this state or any court of record of the United States or of any state, territory or other jurisdiction of the United States.

"(4)   Evidence or the fruits thereof obtained in violation of this section shall be inadmissible in any criminal or civil action or proceeding, except for an action or suit brought for violation of this section or the rights protected thereby."

It is apparent that the purpose of the statute is to protect the confidential relationship between attorneys and their clients. We do not believe that ORS 9.695 was intended to proscribe routine administrative inspections of the physical premises

for fire hazards, which a state statute authorizes and a city ordinance requires the fire marshal to perform.[1]

The phrase in ORS 9.695 that exempts the "work premises of a lawyer relating to the provision of legal service by the lawyer" from search by law enforcement officers is ambiguous. Although the legislative history of the statute is not particularly enlightening, it shows that that phrase was not in the bill (HB 2848) when it was introduced. It was added at the suggestion of counsel for the House Committee on the Judiciary to make it clear that the law "has to do with the rendition of legal services and that other aspects of a lawyer's life are not protected." (Minutes, Subcommittee 1 of House Judiciary Committee, May 14, 1981). The phrase was intended to be a limitation restricting the scope of the statute to confidential material that is incident to the attorney-client relationship. The physical aspects—the floors, walls, ceiling, electrical connections and the like—of the premises are not directly related to that confidential relationship. The warrant authorizes the fire marshal to inspect only those parts of plaintiffs' premises.

■ Plaintiffs do not contend that they have been singled

---

[1] ORS 476.080 provides:

"(1) The State Fire Marshal and deputies, at all reasonable hours, may enter into all buildings and upon all premises, except private residences, for the purpose of inspection to ascertain if fire hazards exist therein or thereon. Owners of private residences may request a fire inspection of their property.

"(2) No person shall interfere with or prevent any such inspection by such officers.

"(3) When any person interferes with or prevents the State Fire Marshal or deputies from making the inspection mentioned herein, the officer shall apply to the district attorney of the county wherein the inspection was made or attempted to be made, for a warrant for the arrest of the offending person, and it shall be the duty of such district attorney forthwith to prosecute such offending person."

Klamath Falls Code § 8.600 adopts the Uniform Fire Code, which provides, at § 2.201(a):

"The fire prevention bureau shall inspect, as often as may be necessary, all buildings and premises, including such other hazards or appliances as the chief may designate for the purpose of ascertaining and causing to be corrected any conditions which would reasonably tend to cause fire or contribute to its spread, or any violation of the purpose or provisions of this code and of any other law or standard affecting fire safety."

In addition, the Klamath Falls Code sets out standards for the municipal court to follow when a city official applies for an inspection warrant. Klamath Falls Code § 2.894-2.900.

out *because* they are attorneys or that the warrant is too broad or that they were not given reasonable notice of the intended inspection. We conclude that the statute does not prohibit the fire inspection, because there is no relationship between that inspection and "the provision of legal service" by plaintiffs.

■ Plaintiffs also challenge the proposed inspection on the grounds that it violates the Fourth Amendment to the United States Constitution[2] and Article I, section 9, of the Oregon Constitution.[3] The Fourth Amendment requires that, when consent is denied, a fire marshal must obtain a warrant to conduct a safety inspection of a commercial building. *See v. City of Seattle,* 387 US 541, 87 S Ct 1737, 18 L Ed 2d 943 (1967). A warrant was obtained by the fire marshal in this case. Although plaintiffs cite Article I, section 9, they offer no argument or analysis as to why the inspection is unlawful under that provision. Therefore, we do not consider the question. We have upheld the constitutionality of administrative searches at a time when Article I, section 9, was construed the same as the Fourth Amendment. *State ex rel Accident Prev. Div. v. Foster,* 31 Or App 291, 570 P2d 398 (1977). There is no Fourth Amendment violation.

■ Plaintiffs argue that allowing administrative inspection warrants under ORS 9.695 risks inadvertent breaches of confidential information. Although that is a valid concern, we believe that a narrowly drawn search warrant that clearly identifies the nature and scope of the inspection is sufficient to avoid any potential problems. In addition, attorneys whose offices are subject to inspection should receive reasonable notice to allow them to remove from plain view any potentially confidential material. Execution of the warrant in this case

---

[2] US Const, Amend IV, provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[3] Or Const, Art I, § 9, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

was delayed for 30 days to give plaintiffs time to secure any confidential items. There is no contention that the notice was unreasonable.

The public benefit from administrative inspections for fire hazards is obvious. Their purpose is to prevent loss of life and property from unsafe conditions that might cause or exacerbate a fire. We do not believe that the legislature intended to exclude attorneys who occupy commercial premises from such inspections.

Reversed and remanded.